IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                         Case No. 17-10164-JWB

PHYLLIS R. LANNING,

        Defendant.

**MEMORANDUM AND ORDER**

This matter comes before the court on the following: (1) a motion for attorney Bill V. Wilkinson to appear pro hac vice (Doc. 44); and (2) an amended motion to amend the court's restitution order, filed by nonparty Community State Bank of Coffeyville, Kansas (hereinafter "CSB") (Doc. 41.) The latter motion is fully briefed. (Docs. 45, 47.) For the reasons set forth herein, the motions for pro hac vice admission and to amend the restitution order (Docs. 41, 44) are GRANTED. Additional motions to amend the restitution order (Doc. 39) and to stay distribution of a garnishee order pending resolution of the above matters (Docs. 39, 50) are DENIED as moot.

**I. Background**

Defendant Phyllis R. Lanning pled guilty to one count of mail fraud, admitting that while she was an employee of Condon State Bank,[1] she executed a scheme to defraud involving the theft of approximately $150,000 from a customer's bank account. (Doc. 1). (Condon State Bank was subsequently purchased by movant CSB. (Doc. 26 at 5.)) Defendant's plea agreement set forth

---

[1] This appears to be the correct name of the institution, although the indictment refers to it as Condon National Bank. (Doc. 1 at 2.)

the circumstances of the offense, including the discovery in May 2017 by the owners of the account, J.R. and M.R., of a $240,000 discrepancy in the account. (Doc. 23.) The plea agreement stated that the difference between the $150,000 Defendant admitted embezzling and the $240,000 discrepancy noticed by the owners was "due to a false interest rate reported by defendant in [a] counterfeit bank statement." (*Id.* at 2.) The sentence imposed by the court on October 12, 2018, included an order for restitution in the amount of $150,000 to J.R. and M.R., the amount agreed upon by the parties under the plea agreement. (Doc. 30.)

On February 8, 2019, CSB filed a motion to amend the restitution order. It asserts that the owners of the bank account, Joseph C. Ramey and Marilyn Ramey, who were referred to as J.R. and M.R. in the plea agreement and judgment, have now filed a civil suit against CSB in the United States District Court for the Northern District of Oklahoma, seeking to recover amounts stolen by Defendant. (Doc. 41 at 2.) CSB cites an exhibit showing it has issued a check to the Rameys for $167,707.13, which it says represents full reimbursement for the $150,000 stolen by Defendant, plus interest and compensation for tax overpayments by the Rameys. (Doc. 41-2.) CSB thus argues it has fully compensated the Rameys for the amount stolen and asks the court to amend the restitution order to substitute CSB as the victim for purposes of future restitution by Defendant. (Doc. 41 at 3.)

The Rameys oppose the motion, arguing the bank "insists on applying certain restrictions which makes it virtually impossible for the Rameys to accept the proposed settlement and cash the check." (Doc. 45 at 2.) The Rameys contend they have two experts who believe "that the monies stolen by Lanning may exceed $300,000." (*Id.*) The Rameys argue the Oklahoma court has jurisdiction over all facets of the dispute, such that "[n]o reasons exist for this Court to become

intertwined in the resolution of the claims and defenses" in that case. They characterize CSB's motion as an attempt "to gain a strategic or tactical advantage in the Oklahoma case…." (*Id.* at 3.)

In reply, CSB clarifies that its offer of payment is solely to reimburse the Rameys for the loss found by this court, that it does not affect any other damages claimed by the Rameys in the Oklahoma suit, and that the payment is not conditioned upon dismissal of the Oklahoma suit. (Doc. 47.)

**II. Discussion**

The Mandatory Victim Restitution Act (MVRA) provides in part that the court shall order that the defendant make restitution to the victim of the offense. 18 U.S.C. § 3663A(a)(1). In a case involving a loss of property, the court is required to order that the defendant return the property or pay an amount equal to the value of the property. *Id.* § 3663A(b)(1). Prior to ordering restitution, the court directs a probation officer to include in a Presentence Report a complete accounting of the losses to each victim, as it did in this case. Once restitution has been ordered, if a victim "has received compensation from insurance or any other source with respect to a loss, the court shall order that restitution be paid to the person who provided or is obligated to provide the compensation…." *Id.* § 3664(j)(1). The restitution order must provide that "all restitution of victims required by the order be paid to the victims before any restitution is paid to such a provider of compensation." *Id.* Any amount paid to a victim under a restitution order shall be reduced by any amount recovered as compensatory damages for the same loss by the victim in a civil proceeding. *Id.* § 3664(j)(2).

The court's restitution order was based upon the amount of the known loss at the time of sentencing. No motion to modify that amount has been filed. CSB has now tendered a check for the full amount of the restitution order plus interest. CSB's reply brief makes clear that its tender

is not conditioned upon dismissal of the Rameys' lawsuit or upon any other condition. CSB also concedes the payment will not impact any claim by the Rameys for consequential or other damages in the pending civil suit, except that CSB may request a credit for the payment against any damages CSB is found to owe in that proceeding. Finally, whether or not the Rameys could conceivably prove in the civil action that their loss was greater than the amount of restitution ordered in this proceeding, or prove that they suffered damages in addition to the loss identified in this case, are not issues before this court. *Cf. Phillips v. Martin,* 535 F.Supp.2d 1210, 1217 (D. Kan. 2008) ("In general, a criminal judgment does not limit a victim's pursuit of damages through alternative proceedings.") (citations omitted.)

The court concludes CSB's tender of payment means the Rameys have "received compensation from … [a source] with respect to a loss" within the meaning of § 3664(j)(1). The court will therefore order that restitution from Defendant in this proceeding be paid to CSB as the "person who provided or is obligated to provide the compensation…." *Id.* Lastly, notwithstanding the ongoing dispute between the Rameys and CSB over the amount of the loss, the court finds the payment of restitution to CSB is consistent with the last clause of § 3664(j)(1). That provision requires that "*all restitution of victims required by the order* be paid to the victims before any restitution is paid to … a provider of compensation" such as CSB. *Id.* CSB has tendered full payment of the restitution required by this court's order, and is therefore entitled to be substituted as the victim for purposes of this court's restitution order.

IT IS THEREFORE ORDERED this 7th day of March, 2019, that the motion for attorney Bill V. Wilkinson to appear pro hoc vice (Doc. 44) is GRANTED. CSB's amended motion to amend the restitution order (Doc. 41) is also GRANTED. The court orders that the restitution required by this court's judgment (Doc. 30 at 6) be paid to CSB (Community State Bank).

CSB's initial motion to amend the restitution order (Doc. 39) and its motion to stay distribution of the recent garnishee order (Doc. 50) are DENIED as moot.

       ___s/ John W. Broomes_____
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE